Jennie Figliomeni, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 9, 1977, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Jennie Figliomeni,* petitioner, for herself.

*Susan Shinkman,* Assistant Attorney General, with her *James Bradley,* Assistant Attorney General, *Syd-*

*ney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., March 13, 1978:

Jennie Figliomeni (Appellant) appeals the determination of the Unemployment Compensation Board of Review (Board) that benefits payable to her were properly computed on the basis of her not having a full-time weekly wage.

Appellant, although a piece-work employee, testified that she was required to work only 30 of her employer's 35-hour work week and commenced work one hour later than most of her co-workers. Pursuant to Section 404(a)(1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §804(a) (1) (Act), eligible claimants are compensated either on the basis of the table delineated in Section 404(e) (1) of the Act, 43 P.S. §804(e)(1), or at the rate of "fifty percentum (50%) of *his [or her] full time weekly wage,* whichever is greater." (Emphasis added.) Where a claimant does not earn a *full-time* weekly wage, his or her benefits are computed in accordance with the table.

Appellant contends that the finding that she lacked a full-time weekly wage is unsubstantiated by the evidence on the record or, in the alternative, that 30 out of a "normal" 35-hour week is tantamount to a full-time weekly wage. We cannot agree with either contention and, accordingly, affirm the decision of the Board.

The Board's finding that Appellant worked less than the "usual" work week was based upon her own testimony and cannot be substantively challenged. The Board's holding that salary earned by an employee who normally works 30 out of an employer's "normal" 35-hour work week does not constitute a full-time

weekly wage is a conclusion mandated by the applicable regulation. A full-time weekly wage is defined by 34 Pa. Code §65.114(2) in the following manner:

(2) An employe who is employed in an occupation in which the remuneration is based solely on commission with no fixed or guaranteed minimum, or an employe hired as a contingent or extra employe, or *one hired for less than the full-time work week of the establishment, shall be deemed not to have a full-time weekly wage on the basis of that employment.* (Emphasis added.)

Since, by her own admission, Appellant worked 30 out of a possible 35-hour work week, she did not qualify as a full-time weekly wage earner for the computation of her benefits.

Accordingly, we

ORDER

AND Now, this 13th day of March, 1978, the decision of the Unemployment Compensation Board of Review is affirmed.